IRVING, J.,
for the Court.
¶ 1. This case arises from a dispute over a parking space at a Natchez condominium. The chancellor below found that title to the space belongs to the Appellee, Hazel Ferrell, and that the Appellants, Bruce and Maxine Brice (the Brices)[1] and Joseph Zuccaro, must stop interfering with Ferrell’s right to use and possession of the space. The chancellor also ordered Zucca-ro to pay the Brices $2,500, which was the amount of money they had given Zuccaro to purchase the space. Aggrieved by the chancellor’s decision, the Brices and Zuc-caro appeal, asserting that the chancellor erred in finding: (1) that Ferrell had title to the parking space, and (2) that the Brices did not have title to the parking space through adverse possession.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. The disputed parking space is a part of the Orleans Condos in Natchez. Both Ferrell and the Brices claim to own the disputed parking space. The Condos are a six-unit condominium with two buildings, each containing three units. The original Declaration of Condominium, which established the Condos as an entity, allotted two parking spaces to four of the six units, and the two remaining units were given only one parking space apiece. Units B-2 and B-3 share a garage, which houses three parking spots. The middle of these three spots is the one that gives rise to the controversy in this case. Ferrell is. the owner of Unit B-3, and the Brices own Unit B-2.
¶ 4. In the Declaration, Unit B-2 was allotted only one spot, while two parking spaces were designated for Unit B-3. The first purchaser of B-2 purchased an option from Zuccaro, a developer of the complex, to buy one of the parking spaces that was designated for B-3.[2] The agreed-on purchase price of the spot was $2,500. Zucca-ro specifically excepted the middle parking space from the deed given to the original purchaser of B-3. All subsequent records of the B-3 deed portray B-3 as possessing only one parking space, and B-2 as possessing both of the parking spaces. No change was ever made to the Declaration of Condominium to reflect this attempted change.
¶ 5. Ferrell purchased Unit B-3 in 1998, and the Brices purchased Unit B-2 in 1999. In 2001, Zuccaro sold the disputed *889 parking space to the Brices for $2,500. The Brices or their predecessors had consistently used the disputed space for over ten years when they purchased the spot from Zuccaro. In 2002, Ferrell filed suit against Zuccaro and the Brices, alleging several different theories of recovery, some of which were dismissed during trial. The Brices filed a counterclaim against Ferrell to remove cloud of title on the parking space or, in the alternative, to gain possession of the disputed property through adverse possession. The Brices also sued Zuccaro to refund their purchase price of the disputed space if the court found that the Brices did not have title or had not adversely possessed the space.
¶ 6. The claim went to trial in late May of 2004. The chancellor found that Ferrell had title to the two parking spots, and cancelled the deed for the parking space from Zuccaro to Brice. The chancellor also ordered the Brices to stop interfering with, or violating in any way, the rights of Ferrell to the parking spot. The chancellor also granted a judgment in favor of the Brices against Zuccaro for the $2,500 paid to Zuccaro for the space. From this judgment, the Brices and Zuccaro appeal.
ANALYSIS AND DISCUSSION OF THE ISSUES

(1) Ferrell’s Title

¶ 7. In their first point, the Brices allege that the chancellor erred in finding that Ferrell possessed title to the disputed parking space. We agree that the specific holding of the chancellor was wrong, as neither Ferrell, nor the Brices, can possess title to the parking space. The parking space is clearly a common element of the condominium, owned by all the owners of the units. The original Declaration of Condominium clearly stated that “[p]ark-ing slots are common elements.... ” Common elements of a condominium, by statute, cannot be owned by a particular unit: “ ‘unit’ means the elements of a condominium which are not owned in common with the owners of other condominiums in the project” and “ ‘common areas’ means the entire project excepting all units therein granted or reserved.” Miss.Code ANN. § 89-9-5(2) and (4) (1972). By statutory definition, a unit contains only non-common elements. Since the parking spot in question was defined, in the Declaration of Condominium, as a “common element,” it could not be ownéd by any particular unit. Since the Declaration has never been validly amended, the disputed parking space remains a common element of the Orleans Condominium.
¶ 8. Our finding that Ferrell lacks title does not, however, require that we reverse and find in favor of the Brices. On the contrary, the language of the Declaration also makes it clear that “each owner of a condominium unit has the right to the exclusive use and possession of the parking slots assigned that unit....” Since Zuccaro never possessed any ownership rights in the parking space, he could not give Mosby or anyone else an option to purchase the space. Instead, all owners in the condominium complex own the parking space as owners of a common element of the condominium. However, Ferrell still has the “exclusive” right to use the parking space, free from interference by the Brices or Zuccaro, as stated in the Declaration of Condominium.
¶ 9. Therefore, although we find the judge in this case erred in reaching his result that Ferrell possesses title to the disputed parking space, we also find that Ferrell has the right to “exclusive use and possession” of the spot, if not actual ownership of the space. Although the judge’s findings and orders should not have been couched in terms of clearing a cloud on *890 title, the proper end result is much the same. Ferrell is entitled to full use and possession of the two spots granted to her unit in the Declaration of Condominium, without interference from Zuccaro or the Brices.
¶ 10. Therefore, the first point of error is rejected.

(2) Adverse Possession

¶ 11. In their second point of error, the Brices and Zuccaro contend that the chancellor’s findings were in error because he found that the Brices had not acquired title to the spot by virtue of adverse possession.
¶ 12. We find that this issue was properly decided below, where the judge found that “there could be no adverse possession by the Bryces [sic] of the parking slots of the common area.” We further agree with the court’s finding that “there would have to have been proceedings for adverse possession against all tenants in common of the common area.... ” Since the parking spots are a common element of the condominium, belonging to all of the units, any adverse possession would have to be asserted against the entire condominium. The evidence is clear that adverse possession was not proved against all the condominium owners. Additionally, we note that it would likely be impossible for an owner of one unit to assert adverse possession of a parking space against the other owners, due to the common ownership of the spaces. Therefore, we reject this second and final allegation of error.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF ADAMS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.

. Suit was filed against the Brices both '‘individually and as trustees of the Bruce W. Brice and Maxine B. Brice Revocable Living Trust.” We use "the Brices” to refer to both the individuals and the trust.

. Zuccaro himself received Unit B-3 by way of a warranty deed from William Godfrey and Thomas Purvis, the two other .original developers of the condominium. The deed gave Zuccaro "[a]ll of Unit B-3 of the ‘Orleans Condos' ” and specifically stated that the transfer was "subject to all of the rights, easements, restrictions, conditions, covenants and reservations contained in said Declaration of Condominium....”